UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-4530-SB (SK) | Date | March 29, 2021 |
|---|---|---|---|
| Title | Carmen Alicia Felix v. Nancy A. Berryhill | | |

Present: The Honorable  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

On February 18, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed because Plaintiff had not obtained—much less served—a summons on Defendant, nor had she properly served Defendant at the right locations described in the Appeals Council Notice she would have received and in accordance with Federal Rule of Civil Procedure 4(i). (ECF 10). To give her a second chance, the Court advised her exactly what she needed to do to effectuate proper service. Had she followed those instructions, the Court would have discharged the show-cause order and permitted her action to procced. Yet rather than follow those instructions, Plaintiff responded on March 18, 2021 by just resubmitting the same faulty and incorrect proofs of service that she had filed earlier (ECF 11). And she simply ignored the Court's instruction that she needed to request and obtain a summons. So Plaintiff now faces dismissal of her lawsuit in its entirety, and she cannot claim surprise, unawareness, or ignorance of the law.

Proper service of a summons and complaint on a named defendant is not an empty exercise. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). And while the Court must liberally construe a pro se plaintiff's pleadings, it cannot act as an attorney for Plaintiff or excuse violations of rules that all litigants must follow. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004; *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). At the same time, as a pro se litigant proceeding in forma pauperis, Plaintiff receives certain optional—but extremely helpful— services: (1) she may hire an attorney—usually at no upfront cost to her—by contacting one of the attorneys on the list provided by the SSA (another copy is attached here); (2) she may contact the Court's pro se clinics for help—as the Court informed her by an order dated May 21, 2020 (pro se clinic information is attached here again); and (3) she may request that the Court order the U.S. Marshal's Service to serve the summons and complaint in accordance with Rule 4(i) if she cannot accomplish service on her own. *See* Fed. R. Civ. P. 4(c)(3).

Thus, even if she is pro se, by filing her complaint appealing the SSA's final administrative decision, Plaintiff assumes certain obligations: (1) she must request a summons from the Clerk—which she would have been reminded to do when she filed her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-4530-SB (SK) | Date | March 29, 2021 |
|---|---|---|---|
| Title | Carmen Alicia Felix v. Nancy A. Berryhill | | |

complaint; (2) she must serve the summons and complaint in accordance with Federal Rule of Civil Procedure 4(i)—as she was instructed in the Notice of Appeals Council Decision and again in the Court's first order to show cause; and (3) she must follow court orders—including the Court's initial case management order requiring that she file a proper proof of service. Plaintiff has now been warned repeatedly that failure to fulfill any of these obligations may lead to involuntary dismissal of her action for failure to prosecute.

Still, in the interests of justice, the Court will give Plaintiff a third—and final—chance to preserve her lawsuit. On the Court's own motion, the deadline for Plaintiff to properly serve Defendant is extended to **Monday, April 12, 2021**. *See* Fed. R. Civ. P. 4(m). And even though she has not requested it, the Court also attaches for her use here an executed summons—with the service addresses filled in—for Plaintiff to serve along with her complaint. To effectuate service, she must mail the summons and complaint to the three listed addresses by registered or certified mail postmarked by no later than **April 12, 2021**. Then, she must complete the proof of service on the second page of the summons proving that she served the summons and complaint on Defendant as ordered. <u>She must file that completed proof of service with the Court within 14 days of service</u>. If Plaintiff is unable or unwilling to follow these steps for any reason, she may instead send a written request to the Court asking for the assistance of the U.S. Marshal's Service to serve the summons and complaint for her. That written request for help must be sent by mail to the Court postmarked by **no later than April 12, 2021**.

This is Plaintiff's final notice and warning: If she fails to comply with the instructions in this order, this action will be involuntarily dismissed for failure to obey court orders and failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.