UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ALICIA FELIX,<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>        Defendant. | CASE NO. 2:20-cv-04530-SB (SK)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

      Proceeding pro se and in forma pauperis, Plaintiff Carmen Felix filed a complaint in May 2020 appealing the final decision of the Social Security Administration denying her application for disability benefits. (ECF 1). Since then, Plaintiff has repeatedly failed to comply with court orders and diligently prosecute this case. First, she failed for many months to properly serve her complaint and summons on defendant. (ECF 10, 12, 17). Ultimately, in the interests of justice, the court ordered service by the United States Marshal rather than dismiss Plaintiff's case for lack of service. (ECF 21, 22). Second, once defendant had answered the complaint, Plaintiff then failed to provide a settlement proposal under the court's scheduling order. (ECF 29). After giving her a chance to explain, the court again excused her noncompliance and discharged its order to show cause. (ECF 33, 37, 39). Third, and most recently, Plaintiff neither provided her portion of the joint merits submission to defendant nor filed a separate motion. (ECF 39, 40). So the court had to issue another order to show cause—its fifth—why the case should not be dismissed for lack of prosecution, which Plaintiff could have discharged just by submitting her merits brief by August 2022. (ECF

42). That order, like the four before, warned Plaintiff that failure to comply would lead to involuntary dismissal of this action. (ECF 42).

Yet as of this order, the court has received nothing—not even a request for more time to respond—from Plaintiff. Nor has the court received any notice of undeliverable mail suggesting that she may not have received the court's most recent show-cause order. As a result, the court has no choice but to dismiss this action for lack of prosecution. In doing so, the court has considered (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). All five factors support dismissal here.

The first factor is easily met because "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). That interest must, of course, be counterbalanced with the fourth factor—the public policy favoring disposition of cases on their merits. But that factor, too, cuts against Plaintiff here because she has failed to discharge her overriding responsibility to move her own case toward that preferable merits-disposition. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). The second factor is also met because the Court's management of its busy docket is impeded when Plaintiff repeatedly flouts the court's orders. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). And defendant is presumed prejudiced by delay under the third factor unless Plaintiff can rebut that presumption. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). But since she has stopped communicating with the court, there is no way to find the presumption rebutted. Thus,

Plaintiff's "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, no sanction short of dismissal is feasible when considering the last factor. See *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). As catalogued above, the court has given Plaintiff many chances to prosecute this case and plenty of opportunities to cure her noncompliance with court orders. It has done so because Plaintiff is unrepresented. At the same time, though, the court warned Plaintiff of the adverse consequences—including involuntarily dismissal—of failing to prosecute her case and follow the court's orders. Warning that "failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). That is especially so when, as here, a less drastic sanction like a monetary penalty would be inappropriate given Plaintiff's indigency.

For all these reasons, the complaint is ordered DISMISSED for lack of prosecution. See Fed. R. Civ. P. 41(b); L.R. 41-1. Judgment dismissing this action without prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: November 2, 2022

STANLEY BLUMENFELD, JR.
United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge